This matter is before the Court pursuant to a petition for reinstatement filed by Joel D. Landry, II, in accordance with the provisions of Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure. On January 10, 2003, while facing formal disciplinary charges alleging serious financial mismanagement of his law firm client account, the petitioner submitted an affidavit to this Court acknowledging that he would not contest the allegations, freely admitting that he had diverted client funds for an improper purpose, and voluntarily consenting to his disbarment from the practice of law in this state. We accepted his affidavit, and on February 14, 2003, we entered an order disbarring petitioner from the practice of law.
On November 21, 2017, petitioner filed his petition for reinstatement. Disciplinary Counsel conducted an investigation into the petition and filed his report with us on May 25, 2018. We directed petitioner to appear before this Court at its conference on June 6, 2018. Having reviewed the petition for reinstatement, the report of Disciplinary Counsel, and hearing the representations of petitioner, his counsel, and Disciplinary Counsel, we grant the petition, subject to conditions of supervision as set forth below.
*1255 The petitioner was admitted to the practice of law in this state in 1989. During his legal career, petitioner served as a Special Assistant Attorney General, an Assistant City Solicitor and was engaged in the private practice of law. Prior to 2002, petitioner was not the subject of any allegations of professional misconduct. However, beginning at approximately that time, petitioner engaged in conduct that led to his disbarment.
The petitioner practiced law in a partnership with another attorney that he met while the two were in law school. The petitioner concentrated his practice in the area of representing plaintiffs with personal injury claims. His partner practiced in the area of criminal defense. The petitioner maintained the law firm accounts and managed the practice. His partner relied on petitioner to run the office and pay the costs of maintaining the practice. They would then share in the income of the law firm.
However, the practice was not generating sufficient income to cover all of the office expenses and compensate the employees, petitioner, and his partner. The petitioner did not advise his partner that the practice was not as successful as it appeared to be. Rather, in order to pay office expenses, his partner, and himself, petitioner began to divert funds held in the law firm client account that had been earmarked to pay the medical bills of personal injury clients.
It was only a matter of time before the medical providers noticed they were not being paid. The petitioner's partner first became aware of petitioner's misconduct when the medical providers began contacting the office inquiring about their payments. The petitioner abruptly left the practice, and only then did he disclose what he had done to his partner.
Several of the medical providers filed complaints with the Disciplinary Board alleging that petitioner had withheld funds from clients' settlements earmarked for medical bills but had not forwarded payment to the medical providers. The petitioner fully cooperated with the disciplinary investigation, and, as noted above, he voluntarily consented to disbarment. Petitioner waited for a period in excess of fourteen years before applying for reinstatement.
Subsection (c) of Rule 16 provides, in part, that in support of a petition for reinstatement, the petitioner bears the burden of demonstrating to this Court, by clear and convincing evidence, that he "has the moral qualifications, competency and learning in law required for admission to practice law in this State and that his * * * resumption of the practice of law within the State will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest." Disciplinary Counsel has advised this Court that he has uncovered no evidence of any conduct by petitioner during the fifteen years he has been disbarred that raises a question as to his present moral fitness. Petitioner has been self-employed, performing title examinations for other attorneys; all attest that his work has been exemplary. Numerous attorneys have submitted letters to this Court attesting to petitioner's character and recommending his reinstatement. Petitioner has been actively involved in his community, coaching youth baseball and basketball.
However, the nature of petitioner's past misconduct is of great concern to this Court. The petitioner diverted in excess of $400,000 of client funds in his misguided effort to keep the law firm solvent. When he abruptly left the practice, petitioner's now-former partner was saddled with those unpaid bills. Fortunately for the *1256 clients, the partner was able to resolve or compromise these outstanding debts on the clients' behalf by paying them out of his own funds. We note that petitioner's former partner has neither supported nor objected to this petition.
Disciplinary Counsel has recommended to us that, should the petition be granted, petitioner should be placed under strict supervision. We agree. The petitioner advises that he intends to practice in three areas of the law: personal injury, real-estate conveyancing, and tax-title cases. Three members of the bar with extensive experience in those areas have agreed to supervise petitioner's practice, and Disciplinary Counsel has also recommended that petitioner's financial records be submitted to the Office of Disciplinary Counsel on a regular basis for review. We believe that, with strict supervision in effect, petitioner can return to the productive practice of law in this state.
Accordingly, we hereby grant the petition for reinstatement, subject to the following conditions:
1. Attorney Thomas Badway shall supervise the petitioner's personal injury and litigation cases. The petitioner shall meet with Attorney Badway at least once per month and shall fully cooperate with Attorney Badway's review of those cases.
2. Attorney John E. Shekarchi shall supervise the petitioner's real-estate conveyancing practice. The petitioner shall meet with Attorney Shekarchi at least once per month and shall fully cooperate with Attorney Shekarchi's review of those matters.
3. Attorney Fernando S. Cunha shall supervise any and all tax-title matters handled by the petitioner. The petitioner shall meet with Attorney Cunha at least once per month and shall fully cooperate with Attorney Cunha's review of those matters.
4. Attorneys Badway, Shekarchi, and Cunha shall submit written reports, on a quarterly basis, to Disciplinary Counsel regarding their review of the petitioner's client matters and his cooperation with this order.
5. The petitioner shall provide records of both his client account and office account to Disciplinary Counsel for review on a monthly basis and shall fully cooperate with Disciplinary Counsel regarding Counsel's review of petitioner's financial records.
6. These conditions will remain in effect for a period of at least two years. At the expiration of two years, Disciplinary Counsel is directed to submit a report to the Court regarding the petitioner's compliance with this order and a recommendation as to whether these conditions need to continue.