## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN REARDON, individually and as )
Representative of the "Sellers" under the )
Purchase Agreement, Subordinate )
Promissory Note, Deferred Payment )
Guaranty Agreement and Purchase )
Agreement Amendment and Waiver, )
)
         Plaintiff, )
)
    v. )
) C.A. No. N21C-02-016 AML CCLD
CANARCHY HOLDCO CORP., f/k/a )
DEBC HOLDCO CORP., CANARCHY )
HOLDING CO LLC f/k/a OSKAR )
BLUES BREWERY HOLDING CO )
LLC, CANARCHY CRAFT BREWERY )
COLLCTIVE, LLC f/k/a DEEP ELLUM )
BREWING COMPANY, LLC, and )
FIREMAN CAPITAL PARTNERS, LLC, )
)
        Defendants. )

**Submitted: April 12, 2021**
**Decided: June 4, 2021**

**Upon Defendants' Motion to Dismiss Count IV – GRANTED**

## ORDER

The plaintiff, appearing individually and as the representative of the sellers of a Texas brewery, alleges the defendant buyers breached the parties' purchase agreement by failing to make earnout payments and by not providing sufficient capital to support the brewery's growth. Tacked on to the plaintiff's breach of contract claims is a claim that the defendants breached the implied covenant of good

1

faith and fair dealing. The defendants seek to dismiss that implied covenant claim, arguing (i) the plaintiff has not pleaded a contractual gap, and (ii) the purchase agreement expressly addresses the allegedly implied obligations. Because the complaint does not plead a gap in the parties' agreements, the alleged implied obligations are addressed by express contractual language, and the implied covenant claim merely restates the plaintiff's breach of contract claims, the defendants' motion to dismiss that claim is granted.

## FACTUAL & PROCEDURAL BACKGROUND

1.  In 2011, Plaintiff founded Deep Ellum Brewing LLC ("Deep Ellum Brewing") in Dallas, Texas.[1] On June 8, 2018, Plaintiff, individually and as the other sellers' representative (collectively "Sellers"), entered into an agreement (the "Purchase Agreement") under which Defendant CANarchy Holdco Corp. ("CANarchy Corp.") and Defendant CANarchy Holding Co LLC ("CANarchy LLC" and collectively with CANarchy Corp., the "Buyers") agreed to buy Deep Ellum Brewing and merged it into Defendant CANarchy Craft Brewery Collective LLC ("CANarchy Collective").[2]

2.  The Purchase Agreement contained an earnout provision under which the Sellers were entitled receive additional post-closing consideration (the "Earnout

---

[1] Pl.'s Compl. at ¶ 15.
[2] *Id*. at ¶ 23. At the time the parties executed the Purchase Agreement, CANarchy Corp. was known as DEBC Holdco Corp., and CANarchy LLC was known as Oskar Blues Brewery Holding Co. LLC.

Payment") based on the number of barrels of Deep Ellum branded beer that CANarchy LLC sold.[3] The Purchase Agreement provided a schedule by which CANarchy Corp. would report the number of barrels sold (the "Earnout Report") and make Earnout Payments.[4] Under the Purchase Agreement, CANarchy Corp. also executed a Subordinated Promissory Note (the "Note") that required CANarchy Corp. to pay Plaintiff, as the Sellers' representative, the principal and interest amounts on a set schedule.[5] Under a separate agreement (the "Guaranty Agreement"), CANarchy LLC and Defendant Fireman Capital Partners LLC ("Fireman Capital") guaranteed CANarchy Corp.'s Note payments.[6]

3.     Plaintiff alleges CANarchy Corp. failed to timely deliver an Earnout Report in 2019 and failed to make the scheduled Note payment.[7] Plaintiff and the Buyers then entered into a new agreement (the "Forbearance Agreement"), under which the Buyers agreed to pay Plaintiff $10,479,320.00 to cure their default. The Sellers received that payment on September 19, 2019.[8] Plaintiff alleges CANarchy Corp. again failed to deliver the Earnout Report in 2020, and neither CANarchy Corp., CANarchy LLC, nor CANarchy Collective made an Earnout Payment in

---

[3] *Id*. at ¶ 25.
[4] *Id*. at ¶¶ 26-29.
[5] *Id*. at ¶¶ 35-36.
[6] *Id*. at ¶ 38.
[7] *Id*. at ¶¶ 48-49.
[8] *Id*. at ¶ 54.

2020.[9] Additionally, Plaintiff avers CANarchy Corp., CANarchy LLC, and CANarchy Collective did not devote adequate resources to brewing, resulting in numerous vendor orders never being satisfied.[10] According to Plaintiff, CANarchy Corp., CANarchy LLC, and CANarchy Collective invested significantly less in Deep Ellum Brewing's marketing budget than the amount represented in the Forbearance Agreement and also cut Plaintiff off from Deep Ellum Brewing's operations.[11] Plaintiff maintains these actions prevented Deep Ellum Brewing from achieving the necessary sales milestones for Earnout Payments.[12]

4.      Plaintiff originally filed a verified complaint (the "Complaint") in the Court of Chancery in October 2020. Defendants moved to dismiss on the basis that the Court of Chancery lacked subject matter jurisdiction over the dispute. After considering the jurisdiction issue, the Court of Chancery entered a stipulation and order transferring the action to this Court under 10 *Del. C.* § 1902. On February 2, 2021, Plaintiff re-filed its Complaint in this Court. Counts I through III of the Complaint allege various breaches of contract, while Count IV alleges a breach of the implied covenant of good faith and fair dealing. After the case's transfer, the parties agreed to submit supplemental briefing limited to whether the Complaint

---

[9] *Id*. at ¶¶ 58, 60. Plaintiff argues CANarchy Corp., CANarchy LLC, and CANarchy Collective are jointly and severally liable.

[10] *Id*. at ¶ 66.

[11] *Id*. at ¶¶ 64, 66.

[12] *Id*. at ¶ 66.

properly pleaded an implied covenant claim. This Court took the motion to dismiss under advisement after oral argument.

## PARTIES' CONTENTIONS

5. Defendants argue Plaintiff's implied covenant claim fundamentally is flawed because Plaintiff fails to identify any gap in the parties' agreements.[13] According to Defendants, the parties' agreements specifically address the breaches Plaintiff alleges.[14] For example, Defendants assert the Purchase Agreement expressly governs Defendants' obligations to deliver the Earnout Reports and Earnout Payments.[15] Similarly, Defendants contend the Purchase Agreement directly addresses Defendants' commitments to make payments under the Note and comply with guarantor obligations.[16] In other words, Defendants argue Plaintiff's implied covenant claim merely repackages his breach of contract claims, and the implied covenant claim therefore must be dismissed.[17]

6. Plaintiff argues he sufficiently has pleaded his implied covenant claim by identifying two implied obligations Defendants allegedly breached: (i) the obligation to grow the Deep Ellum brand and "increase awareness of the Deep Ellum-branded products;" and (ii) the obligation to "utilize one of Deep Ellum

---

[13] Defs.' Mot. at 3.
[14] *Id.*
[15] *Id.* at 3-4.
[16] *Id.* at 4.
[17] *Id.* at 5.

Brewing's greatest assets – [Plaintiff]" to assist in Deep Ellum's direction and growth following its sale.[18] Plaintiff alleges various actions by Defendants breached these implied obligations, including Defendants' exclusion of Plaintiff from Deep Ellum's sales and marketing efforts and Defendants' failure to provide Deep Ellum with sufficient capital.[19] Plaintiff argues Defendants' actions deprived the Sellers of the fruits of their bargain and therefore breached the implied covenant of good faith and fair dealing.[20]

## ANALYSIS

7.     Dismissal is appropriate under Rule 12(b)(6) if a complaint fails to state a claim upon which relief can be granted.[21]  In considering a motion to dismiss, the Court must: "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) [not dismiss the claim] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[22]  Delaware's pleading standard is "minimal."[23]  But "the benefits of liberal construction afforded [a plaintiff] do not

---

[18] Pl.'s Resp. at 23; Pl.'s Compl. at ¶¶ 6, 45, 63.
[19] Pl.'s Resp. at 24-25.
[20] *Id*. at 25.
[21] *See* Del. Super. Ct. Civ. R. 12(b)(6).
[22] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).
[23] *Id*. at 536.

extend to 'conclusory allegations that lack specific supporting factual allegations.'[24] Accordingly, the Court will dismiss a claim if the plaintiff fails to plead specific allegations supporting each element of the claim or if no reasonable interpretation of the alleged facts reveals a remediable injury.[25]

8. The implied covenant of good faith and fair dealing attaches to all contracts and exists to fill unanticipated contractual gaps.[26] To state a claim for breach of the implied covenant, a claimant must allege: (1) a specific implied contractual obligation; (2) a breach of that obligation; and (3) resulting damage.[27] The implied covenant "involves a cautious enterprise" in which a court infers contractual terms to fill gaps or developments that neither party anticipated.[28] A contracting party may not use the implied covenant to alter a contract's express terms.[29] Put differently, Delaware courts will use the implied covenant to fill gaps

---

[24] *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *6 (Del. Super. Jan. 31, 2021) (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[25] *Id*. (quotation marks and citations omitted); *see Malipiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001); *see also Price v. E.I. DuPont de Nemours & Co., Inc.*, 26 A.3d 162, 166 (Del. 2011) (observing that a court need not draw "unreasonable inferences in favor of the non-moving party"), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 185 A.3d 1255, 1277 (Del. 2018).

[26] *See Dieckman v. Regency GP LP*, 155 A.3d 358, 367 (Del. 2017).

[27] *Brightstar Corp. v. PCS Wireless, LLC*, 2019 WL 3714917, at *11 (Del. Super. Aug. 7, 2019) (quotation marks and citations omitted).

[28] *Nemec v. Shrader*, 991 A.2d 1120, 1125 (Del. 2010) (quotation marks omitted).

[29] See *Brightstar Corp.*, 2019 WL 3714917, at *11 (When reviewing an implied covenant claim, "the express terms of a contract must always control.") (citing *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005)).

only when a contract truly is silent on the disputed issue.[30] As a result, where the express terms of an agreement govern a particular matter, an implied covenant claim regarding that matter is not viable and must be dismissed.[31]

9. Plaintiff's implied covenant claim falters for several reasons. First, Plaintiff fails to plead any contractual gap. The implied covenant only exists to fill unanticipated contractual gaps.[32] It is not a vehicle to rebalance one party's economic interests that adversely were affected by foreseeable post-contracting events.[33] The Complaint fails to identify an unanticipated gap in the parties' agreements that the implied covenant would operate to fill. The contractual obligations Plaintiff asks the Court to imply could have been (and arguably were) obtained at the drafting table. Plaintiff cannot now use the implied covenant to extract contractual terms that Plaintiff could have sought during negotiations.

10. Additionally, the implied covenant claim fails because the alleged "implied obligations" are addressed by express contractual language. Count IV of the Complaint alleges Defendants had an implied obligation to "refrain from arbitrary and unreasonable conduct that had the effect of preventing [Plaintiff] and

---

[30] See *id*.; *accord Dunlap*, 878 A.2d at 441; *see also E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 443-44 (Del. 1996).

[31] *Edinburgh Holdings, Inc. v. Educ. Affiliates, Inc.*, 2018 WL 2727542, at *9 (Del. Ch. June 8, 2018).

[32] *See Dieckman*, 155 A.3d at 367.

[33] *Nemec*, 991 A.2d at 1128.

the other Sellers from receiving the benefits of their bargain with Defendants."[34] But this obligation is not implied; it expressly is delineated in the Purchase Agreement. Section 1.8 of the Purchase Agreement states, "Buyer shall not . . . intentionally take any action with the intent of reducing the Earnout Amount payable under this Agreement."[35] An implied covenant claim is not available when the subject at issue expressly is covered by the contract.[36] The Purchase Agreement's plain language establishes the Defendants' obligations regarding actions that could reduce the Earnout Payment. Accordingly, the Court need not imply any such obligation, and Plaintiff cannot seek to broaden the express contractual obligation through an implied covenant claim.

11. Finally, Plaintiff's implied covenant claim fails because it is duplicative of Count III's breach of contract claim. In Count III, Plaintiff alleges Defendants breached the Purchase Agreement by taking actions that impaired the Sellers' ability to receive the Earnout Payments.[37] Almost identically, Count IV alleges Defendants breached the implied covenant by taking actions that prevented the Sellers from receiving the benefits of their bargain.[38] A plaintiff cannot repackage a claim for an

---

[34] Pl.'s Compl. at ¶ 98.
[35] Purchase Agreement, § 1.8.
[36] *Edinburgh Holdings, Inc.*, 2018 WL 2727542, at *9.
[37] Pl.'s Compl. at ¶ 90.
[38] *Id*. at ¶¶ 98-99.

9

express contractual breach into an implied covenant claim.[39]  Count IV substantively is identical to Count III and, accordingly, must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Count IV is **GRANTED.  IT IS SO ORDERED.**

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

---

[39] *Buck v. Viking Holding Mgmt. Co. LLC*, 2021 WL 673459, at *5 (Del. Super. Feb. 22, 2021); *see also Brightstar Corp.*, 2019 WL 3714917, at *11.